# COMPOSITE
# EXHIBIT A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

**Contact Us**   **My Account**   

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◁ BACK

**JOSE PERAZA VS EL DORADO FURNITURE CORPORATION ET AL**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-017450-CA-01 | **Filing Date:** | 09/11/2022 |
| **State Case Number:** | 132022CA017450000001 | **Judicial Section:** | CA21 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

## 👥 Parties

Total Of Parties: 3 ➖

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | PERAZA, JOSE | **B#:  (Bar Number)**533637 <br> **N:  (Attorney Name)**Anthony M Georges-Pierre | |
| Defendant | EL DORADO FURNITURE CORPORATION | | |
| Defendant | CAPO, LUIS | | |

## 🔧 Hearing Details

Total Of Hearings: 0 ➕

## 🔗 Dockets

Total Of Dockets: 18 ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 17 | 10/19/2022 | | Notice of Appearance | Event | |
| 📄 | 16 | 10/19/2022 | | Notice of Appearance | Event | |
| 📄 | 15 | 10/18/2022 | | Motion for Extension of Time | Event | |
| 📄 | 14 | 10/18/2022 | | Order Extending Time for | Event | **UNOPPOSED ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** |
| 📄 | 13 | 10/11/2022 | | Notice of Change of Firm Name | Event | |
| 📄 | 12 | 10/11/2022 | | Affidavit of Service | Event | |
| 📄 | 11 | 10/11/2022 | | Affidavit of Service | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 10 | 10/11/2022 | | Order Setting CM Deadline | Event | |
| | 9 | 09/21/2022 | | Receipt: | Event | RECEIPT#:3070191 AMT PAID:$20.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$20.00 RECEIPT DATE:09/21/2022 REGISTER#:307 CASHIER:EFILINGUSER |
| | | 09/20/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 09/20/2022 | | ESummons 20 Day Issued | Event | RE: INDEX # 6. Parties: CAPO LUIS |
| | | 09/20/2022 | | 20 Day Summons issued | Service | |
| 📄 | 7 | 09/20/2022 | | ESummons 20 Day Issued | Event | RE: INDEX # 5. Parties: EL DORADO FURNITURE CORPORATION |
| 📄 | 6 | 09/20/2022 | | (M) 20 Day (P) Summons (Sub) Received | Event | |
| 📄 | 5 | 09/20/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 09/16/2022 | | Receipt: | Event | RECEIPT#:3070345 AMT PAID:$401.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:09/16/2022 REGISTER#:307 CASHIER:EFILINGUSER |
| 📄 | 2 | 09/11/2022 | | Complaint | Event | |
| 📄 | 1 | 09/11/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

General

Online Case Home

Clerk / Family Court Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts
73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>JOSE PERAZA</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>EL DORADO FURNITURE CORPORATION, LUIS CAPO</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>5</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    <u>N/A</u>

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony M Georges-Pierre</u>      Fla. Bar # <u>533637</u>
       Attorney or party                        (Bar # if attorney)

<u>Anthony M Georges-Pierre   </u>         <u>09/11/2022</u>
(type or print name)            Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOSE PERAZA,                                    CASE NO.: _____

      Plaintiff(s),

v.

EL DORADO FURNITURE CORPORATION,
And LUIS CAPO, individually,

      Defendant(s).

_____/

## **COMPLAINT**

### (OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

COMES NOW, The Plaintiff, JOSE PERAZA, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against, EL DORADO FURNITURE CORPORATION, and LUIS CAPO, individually, individually, (collectively, "Defendants"), and in support avers as follows:

### **GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages exceeding $30,000.00 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") to recover unpaid minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County. Plaintiff is a covered employee for purposes of the FLSA.

1

4. Defendant, EL DORADO FURNITURE CORPORATION, having its main place of business in Miami-Dade County, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, LUIS CAPO, is a corporate officer of, and exercised operational control over the activities of corporate Defendant, EL DORADO FURNITURE CORPORATION.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff was employed with Defendants for about twenty (20) years and was terminated on or about March 6, 2021.

9. At all times material hereto, Plaintiff and Defendant were engaged in agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the law of the United States and the State of Florida.

10. Defendants failed to compensate Plaintiff for his sales and hours on or about March 5, 2021. Plaintiff executed a $25,000.00 sale on the same date and requested payment for his hours and incentives to his Supervisor Susy.

11. Plaintiff was denied this request, to which he objected to and complained about the Defendant's denial to cover the Plaintiff's wages and incentives/commissions.

2

12. The Plaintiff was then told his employment was terminated effective immediately, after being employed with the Defendant for over twenty years.

13. Plaintiff complained to Defendant regarding his unpaid wages and immediately after Plaintiff was retaliated against because of his complaints.

14. Plaintiff was paid a base rate as a sales associate and was provided an additional 4.25% - 8.00% incentive from sales executed by Plaintiff.

15. Plaintiff was terminated in retaliation for his complaints of Defendant's failure to pay Plaintiff's due and owed wages and incentives.

## COUNT I – BREACH OF CONTRACT AGAINST EL DORADO FURNITURE CORPORATION

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this complaint as if set out in full herein.

17. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

   **WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II- QUANTUM MERUIT AGAINST EL DORADO FURNITURE CORPORATION

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this complaint as if set out in full herein.

20. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

21. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

22. Defendant accepted Plaintiff's services to Defendant.

23. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

24. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

      **WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III – UNJUST ENRICHMENT AGAINST EL DORADO FURNITURE CORPORATION

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this complaint as if set out in full herein.

26. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

27. Defendant has knowledge of the services performed and provided by Plaintiff.

28. Defendant voluntarily accepted the services performed and provided by Plaintiff.

29. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

4

30. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT IV**
***FLSA Retaliation Against***
***EL DORADO FURNITURE CORPORATION***

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

32. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

33. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

34. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices and Defendants' refusal to pay monies due and owing to him under the FLSA.

35. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

5

and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FLSA Retaliation Against LUIS CAPO*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

37. Defendant, LUIS CAPO, was at all relevant times, a corporate officer of the Defendant, El Dorado Furniture Corporation, and did exhibit control over the Corporate Defendant.

38. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

39. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

40. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices and Defendants' refusal to pay monies due and owing to him under the FLSA.

41. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

f.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

g.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

h.  Award Plaintiff an equal amount in double damages/liquidated damages; and

i.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

j.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

42.  Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 11, 2022                    Respectfully submitted,


/s/    *Jorge L. Costa*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**Jorge L. Costa, Esq.**
Florida Bar No.: 1031513
JCosta@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
MIAMI-DADE COUNTY, FLORIDA

JOSE PERAZA,                                    Case No.: 2022-017450-CA-01

      Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION,
And LUIS CAPO, individually

      Defendant.

                 /

## <u>SUMMONS IN A CIVIL CASE</u>

**TO:**                EL DORADO FURNITURE CORPORATION,
                Through its Registered Agent:
                LESLIE L. FLOREZ,
                782 NW LE JEUNE ROAD
                SUITE 350
                MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                ANTHONY M. GEORGES-PIERRE, ESQ.
                REMER & GEORGES-PIERRE, PLLC.
                44 WEST FLAGLER STREET, SUITE 2200
                MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **<u>20 days</u>** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                DATE

_____

(BY) DEPUTY CLERK

1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
MIAMI-DADE COUNTY, FLORIDA

JOSE PERAZA,                                    Case No.: 2022-017450-CA-01

      Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION,
And LUIS CAPO, individually

      Defendant.

                          /

## SUMMONS IN A CIVIL CASE

**TO:**                LUIS CAPO, Individually,
                       4200 N.W. 167 STREET
                       MIAMI GARDENS, FL 33054

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                       ANTHONY M. GEORGES-PIERRE, ESQ.
                       REMER & GEORGES-PIERRE, PLLC.
                       44 WEST FLAGLER STREET, SUITE 2200
                       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                DATE

_____
(BY) DEPUTY CLERK

1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
MIAMI-DADE COUNTY, FLORIDA

JOSE PERAZA,                                    Case No.: 2022-017450-CA-01

      Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION,
And LUIS CAPO, individually

      Defendant.

                            /

## **SUMMONS IN A CIVIL CASE**

**TO:**                EL DORADO FURNITURE CORPORATION,
                Through its Registered Agent:
                LESLIE L. FLOREZ,
                782 NW LE JEUNE ROAD
                SUITE 350
                MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                ANTHONY M. GEORGES-PIERRE, ESQ.
                REMER & GEORGES-PIERRE, PLLC.
                44 WEST FLAGLER STREET, SUITE 2200
                MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.



Harvey Ruvin,
Clerk of Courts

9/20/2022

CLERK                                 DATE
                                  38084

(BY) DEPUTY CLERK

1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
MIAMI-DADE COUNTY, FLORIDA

JOSE PERAZA,

Case No.: 2022-017450-CA-01

    Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION,
And LUIS CAPO, individually

    Defendant.

                  /

## SUMMONS IN A CIVIL CASE

**TO:**               LUIS CAPO, Individually,
                  4200 N.W. 167 STREET
                  MIAMI GARDENS, FL 33054

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                  ANTHONY M. GEORGES-PIERRE, ESQ.
                  REMER & GEORGES-PIERRE, PLLC.
                  44 WEST FLAGLER STREET, SUITE 2200
                  MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

9/20/2022

_____
CLERK                 DATE

_Calebia Sutton_ 38213
_____
(BY) DEPUTY CLERK

1

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2022-017450-CA-01</u>
SECTION: <u>CA21</u>
JUDGE: <u>David C. Miller</u>

**JOSE PERAZA**

Plaintiff(s)

vs.

**EL DORADO FURNITURE CORPORATION et al**

Defendant(s)

_____/

<u>**ORDER TO COMPLETE AND COMPLY WITH CASE SCHEDULING AND
MANAGEMENT ORDER**</u>

   **THIS CAUSE** came before the Court to review and do case management. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., **the Parties**, **with the Court's assistance, if necessary**, will establish a **Completed Case Scheduling/Management Order**. Therefore, it is;

   **ORDERED and ADJUDGED** as follows:

1. The Parties shall determine and complete the CASE SCHEDULE below, to extent they can agree on one or all of the To-Dos in this matter and set the Deadlines for as many as can be agreed on. If there is/are any Deadlines for the Parties To-Dos that cannot be agreed on, the Plaintiff's Counsel shall set a hearing if necessary for the Court to decide the Deadlines.

2. ***The Plaintiff's Counsel shall file the entire completed Scheduling/Management Order as a <u>Completed Case Scheduling/Management Order</u> through Court Map for execution and rendering by the Court within 60 days of the entry of the Order or the appearance of the first Defendant whichever occurs last.*** The **Plaintiff's Counsel** will bear the burden of ensuring this Order is complied with and the entire scheduling/management order with completed table of to dos and deadlines is filed, <u>but that will not</u> determine who may be ultimately responsible for any lack of compliance with this Order.

3. The Parties shall strictly comply with the deadlines in the Schedule (which shall supersede any contrary or different Trial Order Deadline -- **not as to the trial date or date of the calendar call which are determined by the Trial Order**) and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this Order. If your case does not go to Trial, it will most probably be sent to Non-Binding

Arbitration.

4. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties will be required to strictly comply with **the Completed Case Scheduling/Management Order**.

5. The parties may not agree to extend any of the deadlines contained in the **Completed Case Scheduling/Management Order**.   Deadlines may only be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

6. **The following To-Dos and Deadlines are to be determined by Agreement of the Parties, filled in, and returned to the Court for execution and rendering OR the Court will determine and fill in such To-Dos and Deadlines:**

| CASE SCHEDULE | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

CASE MANAGEMENT PROCEDURES

7. **Duty to Communicate**:  Prior to filing any Motion, counsel shall **confer** with each other directly in good faith, ***not through staff***, to attempt to narrow or resolve issues.  "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

8. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  The Court may rule upon the Motions on the papers filed for the Court's review.

9. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These Motions shall be submitted via CourtMAP with supporting documents and shall not be placed on Motion Calendar.

10. **Motions for Protective Order**:  Motions for Protective Order must be filed as soon as the grounds are known.   Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to **confer** regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

11. **Motions for Extension**:   All Motions for Extension of Time SHALL BE SET TO BE HEARD WITHIN 7 DAYS OF THE MOTION BEING FILED and the Motion must state **with specificity** the reason why Extension is needed, the anticipated deadline for completion, and any extraordinary or compelling reasons to grant relief. The Court may rule upon submission of the Motion without a hearing. All Motions for Extension of Time must be preceded by a **meet and confer** with opposing **counsel** and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly if the Motion is Denied.  **The failure to timely set the Motion for Extension to be heard will be deemed a waiver of any attempt to get an Extension.**

12. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  Parties should **confer** to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.  Last minute cancellations are NOT ALLOWED.

13. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

14. **Objections**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections **may not be extended even if the parties agree** and are due at the time the initial response is due.  **Failure to timely file these objections shall be deemed an express waiver of the objection**.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

15. **Documents made available for inspection and copying**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

16. **Privilege Logs**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P, AND **The item must at least be described by Author, primarily Recipient and all those copied, date, nature of document, and the same information as to all attachments printed out or opened in records for view**.

17. **The failure to timely provide the privilege log will result in the waiver of the privilege.** This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following:  written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action and solely kept between them and staff, experts, etc.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous.  ***In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client,** to assure that all are aware of the request and the consequences.

18. **Expert Disclosure**:  Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

19. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time. Refer to the above regarding motions for protective order.

20. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

21. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions will be imposed by the Court.   Failure to Mediate will not constitute just cause for a Trial Continuance.

22. **"Frustrated Lawyer/Pro-Se Rule"**

   **Please see the 11th Judicial Circuit in and for Miami-Dade County Division 21 website – for assistance scheduling anything the other(s) in the file are making difficult.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 11th day of October, 2022.

2022-017450-CA-01 10-11-2022 9:35 AM

2022-017450-CA-01 10-11-2022 9:35 AM
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Anthony M Georges-Pierre, agp@rgpattorneys.com

Anthony M Georges-Pierre, jcosta@rgpattorneys.com
Anthony M Georges-Pierre, mhorowitz@rgpattorneys.com


**Physically Served:**

## RETURN OF SERVICE

**State of Florida**  **County of MIAMI DADE**  **Circuit Court**

Case Number: 2022-017450-CA-01

Plaintiff: **JOSE PERAZA**
vs.
Defendant: **EL DORADO FURNITURE CORPORATION,
And LUIS CAPO, individually**



ROD2022000362

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 29th day of September, 2022 at 10:32 pm to be served on **El Dorado Furniture Corporation Through Its Registered Agent: LESLIE L. FLOREZ, 782 NW LEJEUNE ROAD, SUITE 350, MIAMI, FL 33126.**

I, BERNIE GUTIERREZ, do hereby affirm that on the **30th day of September, 2022** at 1:20 pm, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **KENNETH SPILLER** as **ATTORNEY** for **El Dorado Furniture Corporation Through Its Registered Agent:**, at the address of: **782 NW LEJEUNE ROAD, SUITE 350, MIAMI, FL 33126**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
9/30/2022 1:21 pm Attorneys Kenneth Spiller authorized to accept documents excepted documents for El Dorado furniture corporation.

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

BERNIE GUTIERREZ

**BERNIE GUTIERREZ**
CPS3 10050

**Due Process, LLC**
**PO BOX 612576**
**MIAMI, FL 33261**
**(305) 916-0757**

Our Job Serial Number: ROD-2022000362

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

## RETURN OF SERVICE

| State of Florida | County of MIAMI DADE | Circuit Court |
|---|---|---|

Case Number: 2022-017450-CA-01


ROD2022000363

Plaintiff: **JOSE PERAZA**
vs.
Defendant: **EL DORADO FURNITURE
CORPORATION,
And LUIS CAPO, individually**

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 29th day of September, 2022 at 10:32 pm to be served on **LUIS CAPO, 4200 NW 167TH STREET, MIAMI GARDENS, FL 33054**.

I, DAVE ANDREW, do hereby affirm that on the **3rd day of October, 2022** at **11:06 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **LUIS CAPO** at the address of: **4200 NW 167TH STREET, MIAMI GARDENS, FL 33054**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Additional Information pertaining to this Service:**
10/5/2022  5:21 pm  Attempted service at 4200 NW 167TH STREET, MIAMI GARDENS, FL  33054, per Rita/assistant the defendant is not in
10/3/2022  11:06 am  Indivually served.. 60, m, h, 5'6, 170, black hair and yes glasses

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

**DAVE ANDREW**
CPS # 1556

**Due Process, LLC
PO BOX 612576
MIAMI, FL 33261
(305) 916-0757**

Our Job Serial Number: ROD-2022000363

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOSE PERAZA,

                                        GENERAL JURISDICTION DIVISION

     Plaintiff,

vs.                               Case No.: 2022-017450-CA-01

EL DORADO FURNITURE CORPORATION,

     Defendant.

_____/

### NOTICE OF CHANGE OF FIRM NAME AND ADDRESS

TO THE HONORABLE JUDGE OF SAID COURT:

     The undersigned attorney files this Notice of Change of Firm Name and Address and requests that the Court's docket in the above styled cause be updated accordingly.

**From**: Remer & Georges-Pierre, PLLC. *to* **Remer, Georges-Pierre & Hoogerwoerd, PLLC**.

**Former address**:    Courthouse Tower, 44 West Flagler Street, Suite 2200 Miami, Fl 33130

**New Address**:    **2745 Ponce De Leon Boulevard, Coral Gables, Florida 33134**

     *Remainder of page intentionally left blank*

DATED this 11th day of October, 2022

Respectfully submitted,

By: *Anthony M. Georges-Pierre*

**Anthony M. Georges-Pierre, Esquire**
Florida Bar No.: 0533637
E-Mail: agp@rgpattorneys.com
**Max L. Horowitz, Esquire**
Florida Bar No.: 118269
E-Mail: mhorowitz@rgpattorneys.com
**Jorge Costa, Esquire**
Florida Bar No.: 1031513
E-Mail: jcosta@rgpattorneys.com
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I electronically filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Anthony M. Georges-Pierre*

Anthony M. Georges-Pierre, Esq.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CASE NO: 2022-0017450-CA-01 (CA21)

JOSE PERAZA,

      Plaintiff,

v.

EL DORADO FURNITURE CORPORATION
and LUIS CAPO, individually,

      Defendants.

_____/

### DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendants, EL DORADO FURNITURE CORPORATION and LUIS CAPO (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Rule 1.090(b)(1)(A) of the Florida Rules of Civil Procedure, hereby files this Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint ("Unopposed Motion"), and states:

1.      On September 11, 2022, Plaintiff filed his Complaint.

2.      On September 30, 2022, Defendant El Dorado Furniture Corporation was served with the Complaint.

3.      On October 7, 2022, Defendant Luis Capo was served with the Complaint.

4.      Therefore, Defendant El Dorado Furniture Corporation's response to Plaintiff's Complaint is currently due on October 20, 2022, and Defendant Luis Cap's response to Plaintiff's Complaint is currently due on October 27, 2022.

5.      The undersigned law firm was recently retained to represent the Defendants and is still in the process of investigating the allegations. Therefore, Defendants require additional time to respond to Plaintiff's Complaint.

6.      The undersigned would also prefer for both Defendants to respond to Plaintiff's Complaint on the same date.

7.      Defendants respectfully request a brief extension of time, through and including November 1, 2022, to file their response to Plaintiff's Complaint.

8.      Defendants have not filed this Unopposed Motion for purposes of undue delay or to prejudice any party.

9.      Undersigned counsel for Defendants conferred with Plaintiff's counsel about the extension of time to respond to the Complaint and was advised that Plaintiff does not oppose the requested extension.

10.      A proposed Agreed Order is attached hereto as Exhibit "A."

**WHEREFORE**, for the foregoing reasons, Defendants, El Dorado Furniture Corporation and Luis Capo, respectfully request this Court grant this Unopposed Motion, enter the proposed Agreed Order, extend the time for Defendants to file their response to Plaintiff's Complaint, through and including November 1, 2022, and grant any other and further relief the Court deems just and proper.

Dated: October 18, 2022                    Respectfully submitted,

By: *s/ Stephanie Turk*
ROBERT S. TURK, ESQ.
Florida Bar No.: 261343
E-Mail: rturk@stearnsweaver.com
STEPHANIE TURK, ESQ.
Florida Bar No.: 99138
E-mail: sturk@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel for Defendants El Dorado Furniture Corporation and Luis Capo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2022, undersigned counsel has electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Portal. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b), I also certify that the foregoing document has been furnished to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Service of Court Document generated by the E-Portal or in some other authorized manner for those counsel or parties who are excused from email service.

By: *s/ Stephanie Turk*
Stephanie Turk, Esq.

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
E-Mail: agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No. 118269
E-Mail: mhorowitz@rgpattorneys.com
Jorge L. Costa, Esq.
Florida Bar No. 1031513
E-Mail: jcosta@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-416-5000
Facsimile: 305-416-5000

*Counsel for Plaintiff Jose Peraza*

EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CASE NO: 2022-0017450-CA-01 (CA21)

JOSE PERAZA,

     Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION and LUIS CAPO,
individually,

     Defendants.

_____/

## ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendants', El Dorado Furniture Corporation and Luis Capo, Unopposed Motion For Extension of Time To Respond to Plaintiff's Complaint (the "Unopposed Motion"). The Court, noting that it is an Unopposed Motion and being otherwise fully advised, hereby ORDERS and ADJUDGES as follows:

1. The Unopposed Motion is **GRANTED**.

2. Defendants, El Dorado Furniture Corporation and Luis Capo, shall have through and including November 1, 2022, to respond to Plaintiff's Complaint.

DONE AND ORDERED this _____ day of _____, 2022, in Miami-Dade County, Florida.

_____
THE HONORABLE DAVID C. MILLER
CIRCUIT COURT JUDGE

Copies furnished to All Counsel of Record

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-017450-CA-01
SECTION: CA21
JUDGE: David C. Miller

**JOSE PERAZA**

Plaintiff(s)

vs.

**EL DORADO FURNITURE CORPORATION et al**

Defendant(s)

_____/

**COURT MODIFIED\* UNOPPOSED ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

THIS CAUSE came before the Court upon Defendants', El Dorado Furniture Corporation and Luis Capo, Unopposed Motion For Extension of Time To Respond to Plaintiff's Complaint (the "Unopposed Motion"). The Court, noting that it is an Unopposed Motion and being otherwise fully advised, hereby ORDERS and ADJUDGES as follows:

1. The Unopposed Motion is **GRANTED**.

2. Defendants, El Dorado Furniture Corporation and Luis Capo, shall have through and including **November 1, 2022**, to respond to Plaintiff's Complaint.

3. **\* This deadline may not be extended by agreement and the mere filing of a Motion for Rehearing/Reconsideration and/or Motion to Extend this deadline will NOT toll the time to fully comply with this Order. The failure to timely comply will result in the entry of a Court Default without further Notice or Hearing.**

   **This is the Notice.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 18th day of October, 2022.

2022-017450-CA-01 10-18-2022 7:19 PM

2022-017450-CA-01 10-18-2022 7:19 PM
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Anthony M Georges-Pierre, agp@rgpattorneys.com
Anthony M Georges-Pierre, jcosta@rgpattorneys.com
Anthony M Georges-Pierre, mhorowitz@rgpattorneys.com
Stephanie L Turk, sturk@stearnsweaver.com
Stephanie L Turk, amorell@stearnsweaver.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CASE NO: 2022-0017450-CA-01 (CA21)

JOSE PERAZA,

     Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION and LUIS CAPO,
individually,

     Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

The law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., by Stephanie Turk, Esq., hereby files this Notice of Appearance in the above-styled cause as counsel for Defendants, El Dorado Furniture Corporation and Luis Capo, and requests that copies of all motions, notices, orders, correspondence, and other papers be served on the undersigned.

In accordance with Rule 2.516(b)(1)(A) of the Florida Rules of General Practice and Judicial Administration, undersigned counsel hereby designates the following email addresses for service of pleadings and documents:

        Primary email address:     sturk@stearnsweaver.com
        Secondary email address:   amorell@stearnsweaver.com

Dated:  October 19, 2022

Respectfully submitted,

By:  _s/ Stephanie Turk_____

    ROBERT S. TURK, ESQ.
    Florida Bar No.: 261343
    E-Mail: rturk@stearnsweaver.com
    STEPHANIE TURK, ESQ.
    Florida Bar No.: 99138
    E-mail:  sturk@stearnsweaver.com
    STEARNS WEAVER MILLER WEISSLER
    ALHADEFF & SITTERSON, P.A.
    Museum Tower, Suite 2200
    150 West Flagler Street
    Miami, Florida 33130
    Telephone: (305) 789-3200
    Facsimile:  (305) 789-3395

    *Counsel for Defendants El Dorado Furniture*
    *Corporation and Luis Capo*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 19, 2022, undersigned counsel has electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Portal. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b), I also certify that the foregoing document has been furnished to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Service of Court Document generated by the E-Portal or in some other authorized manner for those counsel or parties who are excused from email service.

        By:  _s/ Stephanie Turk_____
            Stephanie Turk, Esq.

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
E-Mail: agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No. 118269
E-Mail: mhorowitz@rgpattorneys.com
Jorge L. Costa, Esq.
Florida Bar No. 1031513
E-Mail: jcosta@rgpattorneys.com
Remer & Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Telephone: 305-416-5000
Facsimile: 305-416-5000

*Counsel for Plaintiff Jose Peraza*

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CASE NO: 2022-0017450-CA-01 (CA21)

JOSE PERAZA,

      Plaintiff,

v.

EL DORADO FURNITURE
CORPORATION and LUIS CAPO,
individually,

      Defendants.

_____/

## <u>NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES</u>

The law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., by Robert S. Turk, Esq., hereby files this Notice of Appearance in the above-styled cause as counsel for Defendants, El Dorado Furniture Corporation and Luis Capo, and requests that copies of all motions, notices, orders, correspondence, and other papers be served on the undersigned.

In accordance with Rule 2.516(b)(1)(A) of the Florida Rules of General Practice and Judicial Administration, undersigned counsel hereby designates the following email addresses for service of pleadings and documents:

           Primary email address:     rturk@stearnsweaver.com
           Secondary email address:   ntorres@stearnsweaver.com

Dated:  October 19, 2022                    Respectfully submitted,

                                            By:  *s/ Robert S. Turk*
                                                 ROBERT S. TURK, ESQ.
                                                 Florida Bar No.: 261343
                                                 E-Mail: rturk@stearnsweaver.com
                                                 STEPHANIE TURK, ESQ.
                                                 Florida Bar No.: 99138
                                                 E-mail:  sturk@stearnsweaver.com
                                                 STEARNS WEAVER MILLER WEISSLER
                                                 ALHADEFF & SITTERSON, P.A.
                                                 Museum Tower, Suite 2200
                                                 150 West Flagler Street
                                                 Miami, Florida 33130
                                                 Telephone: (305) 789-3200
                                                 Facsimile:  (305) 789-3395

                                            *Counsel for Defendants El Dorado Furniture*
                                            *Corporation and Luis Capo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2022, undersigned counsel has electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Portal. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b), I also certify that the foregoing document has been furnished to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Service of Court Document generated by the E-Portal or in some other authorized manner for those counsel or parties who are excused from email service.

                                            By:  *s/ Robert S. Turk*
                                                 Robert S. Turk, Esq.

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
E-Mail: agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No. 118269
E-Mail: mhorowitz@rgpattorneys.com
Jorge L. Costa, Esq.
Florida Bar No. 1031513
E-Mail: jcosta@rgpattorneys.com
Remer & Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Telephone: 305-416-5000
Facsimile: 305-416-5000

*Counsel for Plaintiff Jose Peraza*

#11113104 v1